George C. Chen (Arizona State Bar No. 019704)
Stephen K. Benyi (Arizona State Bar No. 027679)
**BRYAN CAVE LLP**, 00145700
One Renaissance Square
Two North Central Ave., Suite 2200
Phoenix, AZ 85004-440
Telephone: (602) 364-7000
Facsimile: (602) 364-7070
george.chen@bryancave.com
stephen.benyi@bryancave.com

Attorneys for Plaintiff
Happy Kid Toy Group Ltd.

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| Happy Kid Toy Group Ltd., a Hong Kong corporation,<br><br>Plaintiff,<br><br>v.<br><br>Dollar General Corporation, a Tennessee corporation; and DOES 1 through 10, inclusive,<br><br>Defendants. | CASE No.<br><br>**COMPLAINT FOR COPYRIGHT INFRINGEMENT**<br><br>**(Demand for Trial by Jury)** |

Comes now Plaintiff, and complains of Defendants and each of them, and alleges as follows:

### PARTIES

1.   Plaintiff Happy Kid Toy Group Ltd. (hereinafter "Plaintiff") is a corporation organized under the laws of Hong Kong with its principal place of business in Hong Kong.

685082.4

2. Upon information and belief, Plaintiff thereupon alleges that Dollar General Corporation (hereinafter "Defendant") is a corporation organized under the laws of the State of Tennessee with its principal place of business in Goodlettsville, Tennessee.

3. The true names and capacities, whether individual, corporate or otherwise, of the defendants named herein as DOES 1 through 10 are presently unknown to the Plaintiff, who therefore sues said defendants by such fictitious names. The Plaintiff will seek to amend this Complaint to allege the true names and capacities of said defendants when they have ascertained such information. The Plaintiff is informed and believes that each of the defendants named herein as DOES 1 through 10 has participated in some or all of the acts or conduct alleged in this Complaint and is liable to the Plaintiff by reason thereof.

## JURISDICTION AND VENUE

4. This is an action for copyright infringement in violation of the Copyright Act of 1976 (17 U.S.C. §§ 101 *et seq.*) This Court has federal question jurisdiction over this case pursuant to 28 U.S.C. §§ 1331 and 1338.

5. Defendants are subject to personal jurisdiction in this district, because they do extensive business in this district, and they committed acts of copyright infringement within this district.

6. Venue in this district is proper pursuant to 28 U.S.C. § 1391(b) and (c) and 1400(a).

## NATURE OF CASE

7. Plaintiff is engaged in the business of designing, manufacturing, importing and distributing of toys to major toy stores in the United States.

8. Plaintiff is the author and owner of 4076T Motorized Attack Robo Squad and 4078T Motorized Attack Robo Squad that bear U.S. Copyright Registration Nos. VAu 1-042-507 and VAu 1-042-524 (hereinafter "Plaintiff's Artwork"), respectively. Plaintiff's copyright registrations represent *prima facie* evidence of the validity of its copyright and the facts stated in the certificates, including but not limited to ownership.

9. A true and correct copy of U.S. Copyright Registration No. VAu 1-042-507 and photographs of the toy robot covered are attached as Exhibit A.

10. A true and correct copy of U.S. Copyright Registration No. VAu 1-042-524 and photographs of the toy robot covered are attached as Exhibit B.

11. Defendant Dollar General Corporation owns and operates retail stores that sold infringing reproductions of Plaintiff's Artwork. True and correct copies of photographs of infringing toy robots named "Space Fighter" sold by Dollar General stores are attached as Exhibit C.

12. On January 23, 2011, Jaysen Wang, a private individual, at the request of Plaintiff, went to Dollar General Store #06773 located at 1579 Mohave Dr., Bullhead City, AZ 86442. After careful inspection, Mr. Wang identified and purchased a white toy robot labeled "Space Fighter" that the Defendant was selling and distributing that was almost identical to Plaintiff's 4076T Motorized Attack Robo Squad. Mr. Wang was informed by the person who was managing the store at the time that the "Space Fighter" robots arrived at the Dollar General stores for sale right before 2010's Christmas season.

13. On the same day on January 23, 2011, Mr. Jaysen Wang also visited Dollar General Store #06772 located at 1590 E. Joy Ln., Fort Mohave, AZ 86426. After careful inspection, Mr. Wang identified and purchased 2 black toy robots labeled "Space Fighter" that the Defendant was selling and distributing that was almost identical to Plaintiff's 4078T Motorized Attack Robo Squad. Mr. Wang's Declaration is attached as Exhibit D.

14. The toys sold by the Defendant are not only substantially similar but are virtually identical to Plaintiff's Artwork. Attached hereto as Exhibit E are photographs of Plaintiff's Artwork placed side-by-side with Defendant's infringing toy robots. A comparison of said items reveals that Defendant's infringing toy robots, namely, "Space Fighter" robots, are virtually direct reproductions of Plaintiff's Artwork. The white "Space Fighter" is virtually identical to Plaintiff's 4076T Motorized Attack Robo Squad;

while the black "Space Fighter" is virtually identical to Plaintiff's 4078T Motorized Attack Robo Squad.

15. The structural designs of Defendant's infringing "Space Fighter" robots are identical to that of Plaintiff's Artwork. An examination of the respective toy robots from their sides, top and bottom show them to be almost identical. The graphical designs of Defendant's infringing toy robots, including the sides, top and bottom of the "Space Fighter" robots are also virtually identical to that of Plaintiff's Artwork. Furthermore, the sizes of the "Space Fighter" robots, including the height, length and width of the infringing toy robots, are also virtually identical to that of Plaintiff's Artwork. Defendant's reproductions do not have Plaintiff's copyright notice on them.

16. When Plaintiff first discovered that Defendants have been selling infringing "Space Fighter" robots at least as early as October of 2010, Plaintiff, on its own and through counsel, tried contacting Defendants to resolve this matter informally but Plaintiff's efforts were entirely ignored by Defendants. Two letters dated November 12, 2010 and December 22, 2010 that were sent to Defendant are hereto attached as Exhibit F.

## CAUSE OF ACTION
## (COPYRIGHT INFRINGEMENT)

17. Plaintiffs refer to and incorporate herein, by this reference, as if fully set forth hereat *seriatim*, paragraphs 1 through 16 of this complaint.

18. Plaintiff's toy robot designs for the registered copyrights entitled "4076T Motorized Attack Robo Squad" and "4078T Motorized Attack Robo Squad" are original work and constitute copyrightable subject matter under the Copyright Act of 1976, 17 U.S.C. § 102.

19. Plaintiff is the owner of the copyrightable subject matter in the registered copyrights entitled "4076T Motorized Attack Robo Squad" and "4078T Motorized Attack Robo Squad."

BRYAN CAVE LLP
TWO NORTH CENTRAL AVENUE, SUITE 2200
PHOENIX, ARIZONA 85004-4406
(602) 364-7000

20. The United States Copyright Office issued to Plaintiff the United States copyright registrations for the works entitled "4076T Motorized Attack Robo Squad" and "4078T Motorized Attack Robo Squad" as Certificate of Registration Nos. VAu 1-042-507 and VAu 1-042-524 (hereinafter "Registered Copyrights"), respectively.

21. On information and belief, Defendants have used, copied, had copied, distributed, had distributed, made a derivative, and/or had a derivative made of the designs protected by Plaintiff's Registered Copyrights without authorization, permission, or license.

22. Defendants' use, unauthorized reproduction, unauthorized distribution, and unauthorized preparation of derivatives of the designs in Plaintiff's Registered Copyrights violates Plaintiff's rights under 17 U.S.C. § 106 as the owner of the Registered Copyrights.

23. As the result of the actions alleged above, Defendants have infringed and will continue to infringe Plaintiff's Registered Copyrights.

24. As a result of the actions alleged above, Plaintiff is entitled to an injunction, pursuant to 17 U.S.C. § 502, restraining Defendants, their subsidiaries, officers, agents, employees, assigns, and all other persons acting in concert with them from engaging in any further acts of infringement in violation of the copyright laws.

25. Pursuant to 17 U.S.C. § 504(a), Plaintiff is further entitled to recover from Defendants either actual damages that Plaintiff has sustained and will sustain, as well as, any gains, profits, and advantages acquired by Defendants as a result of their acts of copyright infringement, as set forth in 17 U.S.C. § 504(b); or statutory damages as provided by 17 U.S.C. § 504(c)(1).

26. Any further infringements by Defendants will be willful and as a result of the willfulness of Defendants, Plaintiff would be entitled pursuant to 17 U.S.C. § 504(c)(2) to recover enhanced damages of up to $150,000 per infringement, if Plaintiff elects to seek statutory damages at the time of trial.

27. Pursuant to 17 U.S.C. § 505, Plaintiff may recover its full costs and reasonable attorney's fees as a result of the infringement by Defendants.

### DEMAND FOR TRIAL BY JURY

28. Pursuant to Federal Rules of Civil Procedure 38(b), Plaintiff requests a trial by jury.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff Happy Kid Toy Group Ltd. Respectfully requests this Court to grant the following relief:

A. An order granting judgment in favor of Plaintiff and against Defendants on all of Plaintiff's claims;

B. An order pursuant to 17 U.S.C. § 502 permanently enjoining Defendants, their officers, subsidiaries, partners, employees, attorneys, and all others in active convert or participation with them, from directly or indirectly infringing Plaintiff's Registered Copyrights;

C. An order pursuant to 17 U.S.C. § 503(a) impounding all Defendants' unauthorized copies or derivatives of Plaintiff's copyright found within the United States;

D. An order pursuant to 17 U.S.C. § 503(b) that all Defendants' unauthorized copies or derivatives of Plaintiff's copyright found within the United States be destroyed, along with all other articles by means of which such copies or derivative may be produced;

E. An award to Plaintiff of statutory damages pursuant to 17 U.S.C. § 504(a)(2) and 504(c)(1);

F. A determination that Defendants have willfully infringed the Registered Copyright owned by Plaintiff, and that Plaintiff is entitled to an increased award of damages pursuant to 17 U.S.C. § 504(c)(2);

G. Alternatively, Plaintiff may seek an award pursuant to 17 U.S.C. § 504(a)(1) and 504(b) of all damages suffered by Plaintiff as a result of the infringement

1  and of any profits of the Defendants attributable to the infringement that are not taken
2  into account in computing actual damages, in an amount to be determined at trial;

3      H.    An award to Plaintiff of its reasonable attorney's fees and costs pursuant to
4  17 U.S.C. § 505;

5      I.    An award to Plaintiff of attorney's fees, costs, expenses, and interest
6  pursuant to applicable law; and

7      J.    An award to Plaintiff of such other and further relief as the Court deems
8  just and proper.

9  Dated this 16th day of February, 2011.

**BRYAN CAVE LLP**

By:  s/George C. Chen
    George C. Chen, Esq.
    Stephen K. Benyi, Esq.
    One Renaissance Square
    Two North Central Ave., Suite 2200
    Phoenix, AZ 85004-440
    Telephone: (602) 364-7000
    Facsimile: (602) 364-7070

Attorneys for Plaintiff
HAPPY KID TOY GROUP LTD.

BRYAN CAVE LLP
TWO NORTH CENTRAL AVENUE, SUITE 2200
PHOENIX, ARIZONA 85004-4406
(602) 364-7000